Matthew Sirolly, SBN 239984
STATE OF CALIFORNIA
LABOR COMMISSIONER'S OFFICE
320 w. 4th street, suite 600
Los Angeles, CA 90013
Telephone no. (213) 897-1511
Facsimile no. (213) 897-2877
E-mail: msirolly@dir.ca.gov

Attorney for Plaintiff,
Labor Commissioner

Ralph P. Guenther, Esq. 124245
GUENTHER LAW GROUP
601 S. Main Street
Salinas, California 93901
rguenther@guentherlawgroup.com
(831) 649-5100

Attorney for Defendant.
Salvador C. Zavala

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re | CASE NO. 19-51591 |
| SALVADOR C ZAVALA | CHAPTER: 7 |
| Debtor. | ADVERSARY NO. 19–05055 |
| LABOR COMMISSIONER OF THE STATE OF CALIFORNIA, | **STIPULATION AND REQUEST TO ENTER JUDGMENT** |
| Creditor/Plaintiff, | |
| v. | |
| SALVADOR C ZAVALA, an individual, aka SALVADOR CHAVEZ ZAVALA aka SALVADOR ZAVALA CHAVEZ | |
| Debtor/Defendant. | |

1

Case: 19-05055   Doc# 15   Filed: 05/07/21   Entered: 05/07/21 19:48:07   Page 1 of 14

## STIPULATION

The Parties hereby JOINTLY REQUEST AND STIPULATE that the attached stipulated judgment be entered in this action pursuant to the Parties' settlement agreement in this matter. A copy of the Parties' executed settlement agreement is attached as Exhibit 1 to this Stipulation.

IT IS SO STIPULATED.

STATE OF CALIFORNIA
LABOR COMMISSIONER'S OFFICE

GUENTHER LAW GROUP

Matthew Sirolly
Attorney for Plaintiff,
Labor Commissioner

Ralph P. Guenther
Attorney for Defendant
Salvador C. Zavala

Dated:    4/25/21

Dated:

STIPULATION & REQUEST TO ENTER JUDGMENT

# Exhibit 1 to Stipulation: Settlement Agreement and Proposed Consent Decree

# SETTLEMENT AGREEMENT

This agreement ("Agreement") is made by and between the California State Labor Commissioner ("Plaintiff") and Salvador Chavez Zavala ("Defendant").

## AGREEMENT

1.  **Settlement Amount:** Plaintiff shall receive from the Defendant, the amount of twenty-five thousand dollars and no cents ($25,000.00) (referred to herein as the "Settlement Amount").

2.  **Payment Schedule:** The Settlement Amount shall be paid in installments as follows:

    a.  $3,000.00, on or before May 1, 2021.

    b.  Thereafter, five monthly installment payments of $4,400, beginning on June 1, 2021 and continuing until October 1, 2021.

3.  **Timing, Manner and Delivery of Payments:** All installments specified in paragraph 2 are due on the first day of the month, and delinquent after the 5th day of the month. If the last day to make payment falls on a weekend, or bank holiday, the last day will extend to the next business day.

    All of the payments specified in paragraph 2 shall be delivered in person or by overnight mail such that they are received by Plaintiff on the payment date specified above.

    All payments shall be made payable to "Labor Commissioner of the State of California" and delivered to: Labor Commissioner, Attn: JEU-CM-755204, 320 W. 4th Street, Suite 450, Los Angeles, CA 90013.

4.  **Notice of Delinquency and Right to Cure:** Upon the failure of the Defendant to pay any installment as specified in paragraphs 2 and 3, the payment shall be considered delinquent. In the event of delinquency, the Plaintiff will provide a Notice of Delinquency to Ralph Guenther, the Defendant's counsel of record, via email at rguenther@GuentherLawGroup.com. From the date of email of the Notice of Delinquency, the Defendant shall have ten calendar (10) days to cure the delinquency by paying all overdue amounts in full.

5.  **Default:** Under the following circumstances, Defendant shall be considered in default ("Default") of his obligations under this Agreement, and with that, the entire balance of

Case: 19-05055    Doc# 15    Filed: 05/07/21    Entered: 05/07/21 19:48:07    Page 4 of 14

the then unpaid Settlement Amount shall accelerate and immediately become due and payable, and subject to the procedures and remedies specified in paragraph six (6) below:

    a.  If Defendant fails to cure a delinquency for which Notice of Delinquency has been given in accordance with paragraph four (4) above;

    b.  If Defendant is determined by any court of competent jurisdiction to have violated the injunction agreed to in paragraph 10.

Upon Default the outstanding balance of the Settlement Amount shall bear interest at the rate of 10% per annum from the date of Default until full payment.

6.    **Procedures and Remedies upon Default:**  Plaintiff shall have the right to proceed with any remedies available in the US Bankruptcy Court to enforce the stipulated judgment in Adversary Proceeding Case No. 19-05055. In addition, Plaintiff shall have the right to enforce the terms of this agreement as a contract in California Superior Court or any other court of competent jurisdiction. In any such action, the prevailing party shall be entitled to reasonable attorney's fees and costs incurred, as well as for all efforts to enforce any judgment in that action.

7.    **No Waiver by Delay in Enforcement of Agreement:** No delay or omission of a party in exercising any right or power arising from any breach or default of this Agreement shall be construed as a waiver of such breach or default or as acquiescence to it, nor shall any single or partial exercise of any such right or power preclude any further exercise thereof.

8.    **Release and Discharge of Judgment in Superior Court Case No. M-120219**: In exchange for the commitments and obligations undertaken by Defendant in this Agreement and the entry of the stipulated judgment, in the form attached as Exhibit A, in the United States Bankruptcy Court for the Central District of California, the Labor Commissioner agrees to the discharge and release of her state court judgment against Defendant Salvador Zavala in California Superior Court, County of Monterey, Case Number M-120219. Collection of this judgment shall be permanently enjoined to the same extent as permitted by the Bankruptcy Code's discharge injunction, except as otherwise provided for by this Agreement and the stipulated judgment entered in the United States Bankruptcy Court.

9.    **Permanent Injunction and Agreement Not to Act as Farm Labor Contractor or Manager of Employees:** Defendant Salvador Zavala agrees he shall not own, manage or

operate, whether in his own name or through the name of another person or company, a farm labor contracting business in the State of California unless he meets the conditions specified below in paragraph 10. In addition, he shall not act as a decision-maker with respect to employment practices in any business in the State of California unless he meets the conditions specified below in paragraph 10.

Salvador Zavala stipulates and consents to entry of a judgment and injunction in the U.S. Bankruptcy Court for the Northern District of California in the form attached as Exhibit A, which is hereby incorporated into this Agreement as if set forth fully herein.

10. **Conditions to Lift Injunction:** Defendant shall be permitted to resume operations as a farm labor contractor and/or manager and lift the injunction specified in paragraph 9 under the following circumstances: (A) he obtains a bond from a California-admitted surety in the amount of $3,000,000 made payable to the "California Labor Commissioner" for the benefit of any employees owed wages or other damages for violations of the Labor Code that may be incurred in his business operations and maintains this bond in good standing at all times while operating any such business; or (B) satisfies all back wage obligations to his former employees represented by the Labor Commissioner's judgment in the amount of $2,667,506.92.

11. **Attorneys' Fees and Costs**: Each party agrees to bear their own costs and attorneys' fees, except as otherwise specifically provided for in this Agreement.

12. **Binding on Successors and Assigns:** This Agreement is binding upon and shall inure to the benefit of each party to this Agreement, and to any successors, heirs, beneficiaries, trustees and assigns of any party hereto.

13. **Consent is Informed and Voluntary:** This Agreement is a result of arm's length negotiations between the parties. Accordingly, each of the parties to the Agreement agrees that consent is freely given, and with the advice of counsel to the extent desired by each party hereto. In addition, the parties each agree that no party shall be considered the drafting party for purposes of interpretation of this agreement.

14. **Entire Agreement:** This Agreement constitutes the entire agreement between the parties hereto as to its subject matter, and supersedes any and all representations, promises and/or understandings of any kind, whether oral or written, between or among the parties, which are not

# SETTLEMENT AGREEMENT

expressly set forth in this Agreement.  The parties hereto agree that this Agreement may not be altered, amended, modified or otherwise changed except by a written instrument executed by all parties to be charged thereby.  Each party acknowledges that it/he/she has not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

15. **No Tax Advice:**  Each party acknowledges that it/she/he is relying solely upon its/her/his own advisors for tax advice, and make no representations to any other party as to the tax consequences of characterizations of the payment or benefits made pursuant to this Agreement.

16. **Time is of the Essence:** Time is of the essence in the performance of each term or obligation of this Agreement.

17. **Authority to Execute:**  By signature below, each party verifies that it/she/he has read this agreement, has had the benefit of advice from its/her/his legal counsel, and signs with an understanding of its terms and without undue influence or coercion.

18. **Execution in Counterparts**: This Agreement may be executed in one or more counterparts, all of which shall constitute one and the same document.  Each counterpart shall be deemed an original as against any party who signed it. The Parties agree that a facsimile signature or a signature scanned into .PDF format shall have the same force and effect as an original signature.

California State Labor Commissioner

Dated: 4/19/2021        

*D. Chen*
_____
Name: Diana Chen
Title: Regional Manger, California Labor Commissioner

Salvador Zavala

Dated: _____        _____
Defendant and Debtor

4

# SETTLEMENT AGREEMENT

expressly set forth in this Agreement. The parties hereto agree that this Agreement may not be altered, amended, modified or otherwise changed except by a written instrument executed by all parties to be charged thereby. Each party acknowledges that it/he/she has not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

15. **No Tax Advice:** Each party acknowledges that it/she/he is relying solely upon its/her/his own advisors for tax advice, and make no representations to any other party as to the tax consequences of characterizations of the payment or benefits made pursuant to this Agreement.

16. **Time is of the Essence:** Time is of the essence in the performance of each term or obligation of this Agreement.

17. **Authority to Execute:** By signature below, each party verifies that it/she/he has read this agreement, has had the benefit of advice from its/her/his legal counsel, and signs with an understanding of its terms and without undue influence or coercion.

18. **Execution in Counterparts:** This Agreement may be executed in one or more counterparts, all of which shall constitute one and the same document. Each counterpart shall be deemed an original as against any party who signed it. The Parties agree that a facsimile signature or a signature scanned into .PDF format shall have the same force and effect as an original signature.

California State Labor Commissioner

Dated: _____     _____
                            Name: Diana Chen
                            Title: Regional Manger, California Labor
                            Commissioner

Salvador Zavala

Dated: 4-20-21     _____
                    Defendant and Debtor

4

Case: 19-05055   Doc# 15   Filed: 05/07/21   Entered: 05/07/21 19:48:07   Page 8 of 14

# Exhibit A

Matthew Sirolly, SBN 239984
STATE OF CALIFORNIA
LABOR COMMISSIONER'S OFFICE
320 w. 4th street, suite 600
Los Angeles, ca 90013
Telephone no. (213) 897-1511
Facsimile no. (213) 897-2877
E-mail: msirolly@dir.ca.gov

Attorneys for Plaintiff,
LABOR COMMISSIONER,
STATE OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

In re

SALVADOR C ZAVALA

        Debtor.

_____

LABOR COMMISSIONER OF THE STATE
OF CALIFORNIA,

        Creditor/Plaintiff,

v.

SALVADOR C ZAVALA, an individual,
aka SALVADOR CHAVEZ ZAVALA
aka SALVADOR ZAVALA CHAVEZ

        Debtor/Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **19-51591**

Chapter:     7

Adversary No. 19-05055

**STIPULATED JUDGMENT AND CONSENT DECREE**

The Court hereby enters the following consent decree and judgment, stipulated to by the parties in this action as part of a settlement of Adversary Proceeding 19-AP-05055:

## RECITATIONS

1. WHEREAS on February 20, 2015, the California State Labor Commissioner obtained a judgment from the California Superior Court, County of Monterey against Defendant Salvador C. Zavala for $2,667,506.92;

2. AND WHEREAS this judgment was for wages and other amounts owed to Defendant Zavala's employees and arising from his operation of a farm labor contracting business known as "Zavala Farms" from 2008 to 2013;

3. AND WHEREAS Defendant Zavala represents that he ceased operations of his farm labor contracting business in 2013 and has not operated, owned or managed a farm labor contracting business at any time since closing Zavala Farms;

4. AND WHEREAS Defendant Zavala represents that he does not intend to operate, own or manage a farm labor contracting business in the future;

5. AND WHEREAS several provisions of the California Labor Code, including sections 238 and 240, prevent Defendant Zavala from operating or owning a farm labor contracting business until such time as he either satisfies the Labor Commissioner's $2,667,506.92 judgment or posts a bond with the Labor Commissioner in an appropriate amount;

6. AND WHEREAS Defendant Zavala filed a petition with this Court under chapter 7 of the United States Bankruptcy Code on August 8, 2019 seeking to discharge the Labor Commissioner's judgment and other debts;

7. AND WHEREAS the Labor Commissioner filed an adversary petition seeking to have her judgment declared nondischargeable pursuant to sections 523(a)(2)(A) and 523(a)(6) of the United States Bankruptcy Code because, *inter alia*, Defendant Zavala allegedly misused and fraudulently misappropriated funds that had been earmarked to pay his employees.

8. AND WHEREAS the Labor Commissioner has a duty to enforce the California Labor Code and ensure that businesses operating in California comply with minimum labor standards;

9. AND WHEREAS it is in the state's and public's interest that businesses that cannot or will not comply with the Labor Code are enjoined from further operations in order to prevent unfair competition with businesses that do maintain such compliance;

10. AND WHEREAS the parties wish to resolve this matter and the Labor Commissioner recognizes that Defendant Zavala does not currently have the means to satisfy the Labor Commissioner's state court judgment;

NOW THEREFORE the parties stipulate and consent to judgment as follows:

## PAYMENT BY DEBTOR

1. Debtor Defendant Salvador Zavala shall pay twenty-five thousand dollars ($25,000.00) to the Labor Commissioner for the benefit of Defendant's former employees who are owed damages under the Labor Commissioner's state court judgment. Payment shall be made in installments as follows: $3,000 shall be paid on or before May 1, 2021 and five additional payments of $4,400 shall be made by the first of each month thereafter commencing June 1, 2021 and continuing until October 1, 2021  The Labor Commissioner shall disperse these funds to the affected employees or deposit them into the farm worker restitution fund or unpaid wage fund, as appropriate and as required by the California Labor Code and California Code of Regulations.

## PERMANENT INJUNCTION

2. Defendant Salvador Zavala shall be permanently enjoined from owning, managing or operating, whether in his own name or through the name of another person or company, a farm labor contracting business in the State of California unless he meets the conditions specified below. In addition, he shall be enjoined from acting as a decision-maker with respect to the employment practices in any business in the State of California unless he meets the conditions specified below. This injunction shall, without limitation, prevent Salvador Zavala: from holding any ownership interest or receiving profits from any farm

3

Case: 19-05055    Doc# 15    Filed: 05/07/21    Entered: 05/07/21 19:48:07    Page 12 of 14

labor contracting business in the State of California; from acting as an executive, officer, general manager or other supervisor in such a business; from exercising financial control over such a business; from exercising managerial control over employees at any such business; and from being a decision-maker with control over employees or influence over employment practices of any business in the State of California, including acting as a foreman, supervisor, manager or similar position.

3. Defendant Salvador Zavala shall be permanently debarred and ineligible to register as a farm labor contractor with the State of California unless he meets the conditions specified below.

## CONDITIONS FOR LIFTING THE INJUNCTION

4. This injunction will be lifted if Defendant Salvador Zavala either: (A) obtains a bond from a California-admitted surety in the amount of $3,000,000 made payable to the California Labor Commissioner for the benefit of any employees owed wages or other damages for violations of the Labor Code that may be incurred in his business operations and maintains this bond in good standing at all times while operating any such business; or (B) satisfies all back wage obligations to his former employees represented by the Labor Commissioner's judgment in the amount of $2,667,506.92.

## DISCHARGE OF THE LABOR COMMISSIONER'S STATE COURT JUDGMENT

5. Subject to the terms of the parties' settlement agreement, Labor Commissioner consents to the discharge of her state court judgment against Defendant Salvador Zavala in California Superior Court, County of Monterey, Case Number M-120219 and agrees that collection of this judgment shall be permanently enjoined to the same extent as permitted by the Bankruptcy Code's discharge injunction, except as otherwise provided for by this consent decree and the parties' settlement agreement.

Case: 19-05055   Doc# 15   Filed: 05/07/21   Entered: 05/07/21 19:48:07   Page 13 of 14

## ENFORCEMENT OF THE CONSENT DECREE

6. The provisions of this consent decree may be enforced through any and all powers of this Court, including through sanctions and punishments for contempt of court. It may also be enforced by any other state or federal court to the extent appropriate and permissible according to state and federal law.

7. In addition, the Labor Commissioner may seek to enforce this consent decree by filing a petition for revocation of Defendant Zavala's bankruptcy discharge. The Court shall grant such a revocation if the Labor Commissioner proves to the satisfaction of the Court that Defendant Zavala has willfully violated the injunction set for in this consent decree.

8. Nothing in this consent decree shall be interpreted to limit the Labor Commissioner's enforcement powers under the California Labor Code and related law as to any acts committed by people or entities that are not debtors in the present bankruptcy or as to acts and omissions committed by debtor after the date of his chapter 7 bankruptcy petition.

CONSENT DECREE AND FINAL JUDGMENT
*Labor Commissioner v. Zavala (In re Salvador C. Zavala), Case No. 19-AP-5159P*